UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GS HOLISTIC, LLC,

                Plaintiff,                Case No. 2:24-cv-12254

v.                                       Honorable Susan K. DeClercq
                                       United States District Judge

FLAVORZ SMOKE, LLC, et al.,

                Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS HAMI AND KANNI'S
JOINT MOTION TO DISMISS (ECF No. 19)**

In this case, Defendants Miguel Hami and Nawar Kanni—who used to own a smoke shop in Shelby Township, Michigan—have filed a motion to dismiss Plaintiff GS Holistic's complaint against them. As explained below, although GS Holistic's allegations are largely boilerplate, this Court finds that it has alleged just enough specific facts to survive a motion to dismiss, so Hami and Kanni's motion will be denied.

## I. BACKGROUND

This case is one of dozens in this district brought by GS Holistic against a smoke shop and its owners for selling counterfeit smoking accessories. *See GS Holistic LLC v. Exotics Cloudz 2 Inc.*, No. 2:24-cv-12230, 2026 WL 766170, at *1 (E.D. Mich. Mar. 18, 2026) (noting GS Holistic has filed "over two dozen virtually

identical cases" in the Eastern District of Michigan).

Plaintiff GS Holistic is a Delaware limited liability corporation that has "marketed and sold" its trademarked Stündenglass-branded gravity infuser waterpipes and accessories since 2020 that GS Holistic says are "recognized nationally and internationally" for their "use of quality materials" and "painstaking attention to detail." ECF No. 1 at PageID.2–4. GS Holistic owns three registered trademarks that it uses on these Stündenglass products:

- U.S. Trademark Registration No. 6,633,844 for the standard character mark "Stündenglass" in association with good further identified in registration in international class 011.

- U.S. Trademark Registration No. 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

- U.S. Trademark Registration No. 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 034.

ECF No. 1 at PageID.4–5.

GS Holistic says that "because of the recognized quality and innovation associated with the Stündenglass Marks[, ] consumers are willing to pay higher prices for genuine Stündenglass products." *Id.* at PageID.7. As a result of this, many counterfeit products bearing identical or nearly identical versions of the Stündenglass Marks—but made with "inferior or different materials"—are being offered for sale at smoke shops nationwide. *Id.*

As relevant to this case, GS Holistic alleges that Defendant Flavorz Smoke, LLC d/b/a Flavorz Tobacco ("Flavorz Smoke") and its owners, Hami and Kanni (the "Owners"), offered for sale "an excess of" gravity infuser waterpipes that all appeared to display a Stündenglass Mark but were about $280 cheaper than the authentic Stündenglass gravity infuser waterpipe. *Id.* at PageID.10; *see also id.* at PageID.14 (noting that the authentic Stündenglass product "retails for $599.95."). GS Holistic further alleges that on February 13, 2023, a GS Holistic investigator entered Flavorz Smoke, purchased one of the gravity infuser waterpipes bearing the Stündenglass Marks for $318.00, inspected it, and determined it was a counterfeit product. *Id.* at PageID.10.

So, in August 2024, GS Holistic brought this trademark infringement suit against Flavorz Smoke[1] and the Owners alleging one count of federal trademark counterfeiting and infringement under 15 U.S.C. § 1114 and one count of federal false designation of origin under 15 U.S.C. § 1125(a). *Id.* at PageID.15–18.

In September 2025, the Owners filed a motion to dismiss GS Holistic's claims against them as individuals, arguing that GS Holistic failed to allege specific facts that they were involved in the unlawful activity. ECF No. 19. GS Holistic opposes the motion. ECF No. 20. Pursuant to the Local Rules, this Court finds that a hearing

---

[1] The Owners reported in their motion to dismiss that "Flavorz Smoke LLC has been permanently closed by Shelby Township for reasons unrelated to this lawsuit" and that "[t]he business is non-operational." ECF No. 19 at PageID.115.

is not necessary and will make a determination on the papers. *See* E.D. Mich. LR 7.1(f)(2).

## II. LEGAL STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Otherwise, the Court must grant the motion to dismiss. *See Twombly*, 550 U.S. at 570.

## III. DISCUSSION

A corporate officer may be personally liable for a corporation's violations of the Lanham Act without piercing the corporate veil. *GS Holistic, LLC v. Express*

*Smoketown, Inc.*, No. 3:23-CV-02040-JGC, 2024 WL 3228392, at *3 (N.D. Ohio June 28, 2024) (collecting cases). But for a corporate officer to be personally liable without piercing the corporate veil, the corporate "officer must do more than merely control corporate affairs. The officer must *personally* take part in the infringing activity or direct others to do so in order to be liable." *Top Tobacco, L.P. v. Abdelshahed*, 439 F. Supp. 3d 992, 1006 (M.D. Tenn. 2020) (emphasis added) (quotation marks and citation omitted), *vacated in part on other grounds by* 2020 WL 5366523 (M.D. Tenn. Sept. 8, 2020). In this way, the officer becomes personally "liable as an actor, not merely as an agent or owner of the corporation." *Id.* (quotation marks and citation omitted).

Here, GS Holistic alleges that the Owners are personally liable[2] for Flavorz Smoke's violations of the Lanham Act because they authorized, directed, and participated in Flavorz Smoke's offer of counterfeit goods for sale. ECF No. 20 at PageID.121. But the Owners say that GS Holistic's allegations about their personal involvement are conclusory and wholly lacking any factual allegations of "what either individual did, when they did it, or how they were involved in the alleged sale." ECF No. 19 at PageID.112.

The Owners are correct in observing that GS Holistic's Complaint "in this

---

[2] Notably, GS Holistic concedes that it is not seeking to hold Hami and Kanni liable under a theory of piercing the corporate veil. *See* ECF No. 20 at PageID.125 ("Individual Defendants' Liability is Not Based on Piercing the Corporate Veil[.]").

case closely mirrors the complaints it has filed in dozens of nearly identical smoke shop lawsuits in this District and hundreds more nationwide." *Id.*; *see also Exotics Cloudz 2 Inc.*, 2026 WL 766170, at *1; *GS Holistic, LLC v. Vaportoke Inc.*, No. 23-cv-01513-RMR-NRN, 2024 WL 2864149, at *8 (D. Colo. Apr. 30, 2024) (noting that GS Holistic takes a "blunderbuss-like approach to [filing trademark-infringement] cases, effectively reigning litigation terror down upon dozens of small Colorado businesses."), *report and recommendation adopted*, 2024 WL 2863611 (D. Colo. May 24, 2024). Indeed, much of the Complaint is composed of boilerplate language typical "of the sort one would see in any trademark infringement case, without any supporting non-conclusory factual allegations." *Vaportoke*,2024 WL 2864149, at *3.

But at this prediscovery stage, this Court finds that there are several paragraphs within GS Holistic's complaint that allege *just* enough facts to suggest that the Owners were personally involved in the infringing activity. Specifically, GS Holistic alleged that the Owners, "as merchants of tobacco shop goods, are held to the standard of having specialized knowledge in the tobacco shop industry." ECF No. 1 at PageID.13. And because of this specialized knowledge, they have at least acted with "willful blindness" to the fact that no authentic Stündenglass gravity infuser waterpipe would retail for only $318.00, and chose to offer it for sale anyways. *Compare id.* at PageID.13–14. *with Express Smoketown*, 2024 WL

3228392, at *4 (dismissing GS Holistic's trademark-infringement claims against an owner defendant because GS Holistic "lack[ed] any allegation regarding [the owner's] knowledge of or experience regarding 'the tobacco shop industry' or any other relevant line of business" such that it was distinguishable from *Vaportoke* and "fatal to GS's complaint against [the owner]."") (referencing *Vaportoke*, 2024 WL 2864149). Thus, this Court will deny the Owners' joint motion to dismiss. *See Express Smoketown*, 2024 WL 3228392, at *4.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendants Hami and Kanni's Joint Motion to Dismiss, ECF No. 19, is **DENIED.**

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 13, 2026

- 7 -